# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| GREGORY BUFFORD,<br>    Petitioner, | Civil Action No. 1:08-cv-887 |
| vs. | Dlott, J.<br>Black, M.J. |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1) and on respondent's motion to dismiss (Doc. 8), to which motion petitioner has not responded.

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In 2004, petitioner was indicted on six counts of trafficking in cocaine, two counts of possession of cocaine, and one count of conspiracy to commit felony drug trafficking, with firearm specification attached to four of the counts. (Doc. 8, Exh. 1). He pled not guilty upon arraignment and was tried by a jury. (Doc. 8, Exh. 2). On April 7, 2005, the jury found petitioner guilty on all counts, but found him not guilty of the firearm specifications. (Doc. 8, Exh. 3). The following day, petitioner filed a *pro se* motion to dismiss for speedy trial violations which the trial court overruled. (Doc. 8, Exhs. 5, 6). Petitioner was sentenced to a total of 26 years imprisonment. (Doc. 8, Exh. 4).

### Direct Appeal

Petitioner, represented by new counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. Petitioner raised the following assignments of error:

> 1. The trial court erred in sentencing Defendant for possession of cocaine and trafficking in cocaine as a violation of O.R.C. 2941.25.
>
> 2. The trial court erred in denying Defendant-Appellant's motion, per Ohio Crim. R. 29, for acquittal of count one trafficking in cocaine.

(Doc. 8, Exhs. 7, 8). The State filed a response. (Doc. 8, Exh. 9). On June 28, 2006, the Ohio Court of Appeals overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 8, Exh. 10).

On August 8, 2006, petitioner filed a timely *pro se* notice of appeal in the Supreme Court of Ohio. (Doc. 8, Exh. 11). He raised the following propositions of law in support of jurisdiction:

> 1. Defendant-Appellant was deprived of his absolute right to procedural due process of law where he was sentenced for both possession and trafficking in cocaine in violation of the double jeopardy clause of the Ohio & U.S. Constitution.
>
> 2. Appellant was deprived of his substantive and absolute procedural right to due process of law where he was convicted of trafficking in cocaine as to count one of the indictment based upon insufficient evidence as a matter of law.
>
> 3. Defendant-Appellant's sentence in toto must be reduced to the shortest prison term as mandated in O.R.C. 2929.14(B), where the sentencing court used judicial factfindings that allowed the court to enhance the sentences based upon facts not found by jury; admitted to by appellant; nor proven beyond a reasonable doubt to the state of Ohio.

(Doc. 8, Exh. 12). On November 1, 2006, the Supreme Court of Ohio denied petitioner's motion and dismissed his case. (Doc. 8, Exh. 13).

**Delayed Application to Reopen**

On October 5, 2007, petitioner filed a *pro se* delayed application to reopen his direct

appeal pursuant to Ohio App. Rule 26(B) alleging the ineffective assistance of appellate counsel. (Doc. 8, Exh. 14). The Ohio Court of Appeals denied the application on January 7, 2008, finding the application untimely and determining that petitioner failed to establish good cause for his delay. (Doc. 8, Exh. 16).

Petitioner filed a timely *pro se* appeal to the Supreme Court of Ohio. (Doc. 8, Exhs. 17, 18). On May 7, 2008, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, Exh. 20).

## Post-Conviction Motion

On March 23, 2009, petitioner filed a motion for reconsideration of sentence in the trial court. (Doc. 8, Exh. 21). On April 22, 2009, the trial court overruled the motion.[1]

## Federal Habeas Corpus

On December 24, 2008, petitioner, proceeding *pro se*, submitted a petition for a writ of habeas corpus for filing in this Court. (Doc. 1). Petitioner declared under penalty of perjury that he placed the petition for a writ of habeas corpus in the prison mail system on December 16, 2008.[2] (Doc. 1 at 15). The petition sets forth four grounds for relief:

**GROUND ONE:** Due process violation where multiple sentences were imposed for single offenses.

**GROUND TWO:** Due process violation where evidence was insufficient to support convictions.

**GROUND THREE:** Absolute right to procedural due process denied where state

---

[1] *See* http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B%200408370-A

[2] Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 270 (1988), the Court construes the petition as being filed on December 16, 2008, when petitioner certified he placed his petition in the prison mail system.

3

failed to adhere to discharge for speedy trial violation.

**GROUND FOUR:** Petitioner being deprived of liberty in violation 14th Amendment where state court exceeded sentencing authority.

(Doc. 1).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One through Four of the petition assert constitutional violations which allegedly occurred during the state trial court proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review

4

proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became "final" on January 30, 2007, upon expiration of the 90-day period during which a petitioner could file a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Lawrence v. Florida,* 549 U.S. 327, 333 (2007). The statute of limitations commenced running the following day on January 31, 2007, and expired one year later on January 31, 2008, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* See *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000); s*ee also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner's delayed application to reopen his direct appeal, which was filed on October 5, 2007, does not serve to toll the statute of limitations in this case. The state court denied the application finding petitioner failed to file it within the 90-day time limit set forth in Ohio Appellate Rule 26(B)(1) and to show "good cause" for the delay in filing. (Doc. 8, Exh. 16). "[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 128 S.Ct. 2, 3 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). Since petitioner's delayed application to reopen was

denied by the state court as untimely, it was not "properly filed" under § 2244(d)(2) and cannot toll the one-year statute of limitations in this case. *Allen*, 128 S.Ct. at 4; *Pace*, 544 U.S. at 414.

Petitioner's motion for reconsideration of sentence filed on March 23, 2009 (Doc. 8, Exh. 21) also fails to toll the statute of limitations. A motion for post-conviction relief cannot serve to toll a statute of limitations which had already expired before the motion was filed. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Since the AEDPA's one-year period had expired over one year before petitioner filed his motion for reconsideration of sentence, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on January 31, 2008. Petitioner's habeas corpus petition was filed in this Court on December 16, 2008 and, accordingly, it was submitted eleven months too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

6

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*.

7

To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Instead, petitioner argues the state trial court lacked subject matter jurisdiction to convict and impose sentence upon him and this "exceptional" circumstance warrants equitable tolling. Petitioner fails to explain the basis for his lack of jurisdiction argument. More importantly, he fails to allege or show how this in any way impeded the timely filing of a petition for habeas corpus in this Court. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."*Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Petitioner fails to demonstrate any such circumstances and therefore fails to meet his burden showing he is entitled to equitable tolling.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/25/2009       s/Timothy S. Black
    Timothy S. Black
    United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GREGORY BUFFORD,<br>　　　Petitioner, | Civil Action No. 1:08-cv-887 |
| vs. | Dlott, J.<br>Black, M.J. |
| WARDEN, LEBANON CORRECTIONAL<br>INSTITUTION,<br>　　　Respondent. | |

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within TEN DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed **within TEN DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).